**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **J.H.**

**No. 16-0128** (Mercer County 15-JA-098-OA)

**MEMORANDUM DECISION**

Petitioner Father J.D., by counsel P. Michael Magann, appeals the Circuit Court of Mercer County's January 4, 2016, order terminating his parental rights to four-year-old J.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), William O. Huffman, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) finding that he abandoned the child based primarily on his incarceration, and (2) failing to grant him a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, the DHHR filed an abuse and neglect petition against petitioner. In that petition, the DHHR alleged that petitioner abandoned the child by failing to provide for his financial, physical, social, and emotional needs. The DHHR further alleged that petitioner was convicted in the Commonwealth of Connecticut for sexual contact with a child, and he was then serving the third year of a twelve-year prison sentence.[2]

In September of 2015, the circuit court held an adjudicatory hearing. The child's mother testified that petitioner had not met the child; failed to provide any support for the child; and was incarcerated. Petitioner, who appeared at the hearing by counsel and by telephone due to his incarceration out of state, admitted that he had not met the child and was incarcerated as alleged.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]It appears that Connecticut's criminal justice system would allow petitioner's sentence to be suspended upon his successful completion of his seventh year in prison.

However, petitioner claimed that he had not abandoned the child due to his incarceration because the incident that led to his incarceration occurred prior to the child's conception. At the conclusion of the hearing, the circuit court found that petitioner abandoned the child, which constituted child neglect.

In December of 2015, the circuit court held a dispositional hearing. At that time, petitioner moved for a post-adjudicatory improvement period. The DHHR opposed an improvement period for petitioner due to the nature of his abandonment, which stemmed from his incarceration for a sex crime committed against a child. It was also established that petitioner was denied parole in November of 2015, which prolonged his incarceration for at least one more year and perhaps longer. By order entered on January 4, 2016, the circuit court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that termination was in the child's best interests. Therefore, the circuit court terminated petitioner's parental rights to the child. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law provides that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first assigns error to the circuit court's finding that he abandoned the child due to his incarceration. West Virginia Code § 49-1-201 defines "[a]bandonment" as "any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child[.]" Further, this Court has explained that incarceration may form the basis for a termination of parental rights. *See In re Emily*, 208 W.Va. 325, 341-42, 540 S.E.2d 542, 558-59 (2000); *In re Cecil T.*, 228 W.Va. at 96, 717 S.E.2d at 880.

2

In this case, petitioner argues that he "did not forfeit his right as a parent and abandon his child" when he went to prison. However, it is undisputed that petitioner was convicted of, and incarcerated for, committing an intentional act of sexual contact with a child that resulted in his failure to provide for his son financially, emotionally, or in any other way. Due to his incarceration, petitioner has never met the child at issue. Based on the circumstances of this case, we find no error in the circuit court's finding that petitioner's incarceration constituted abandonment.

Moreover, to the extent petitioner argues that the circuit court failed to consider the nature of the offense, the terms of his confinement, and the length of his prison term, the circuit court clearly considered those criteria. *See In re Cecil T*., 228 W.Va. at 91, 717 S.E.2d at 875, syl. pt. 3 (holding that "[w]hen no factors and circumstances other than incarceration are raised at a disposition hearing . . . the circuit court shall . . . consider[] . . . the nature of the offense . . . the terms of the confinement, and the length of the incarceration"). The circuit court heard evidence of the nature of petitioner's crime and his confinement. Notably, the circuit court found in its final order that the length of petitioner's incarceration was, at a minimum, another year. Therefore, we find that the circuit court complied with the directives of *In re Cecil T*.

Petitioner's second assignment of error is that the circuit court erred in failing to grant him a post-adjudicatory improvement period as a less-restrictive dispositional alternative.[3] West Virginia Code § 49-4-610(2) allows circuit courts to grant post-adjudicatory improvement periods when a parent moves in writing for the same. However, in this case, no written motion for a post-adjudicatory improvement period appears in the record before this Court. Notwithstanding petitioner's failure to satisfy the statutory requirement for a written motion, West Virginia Code § 49-4-610(2) also provides that a parent who wishes to participate in an improvement period must demonstrate, "by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Petitioner failed to satisfy this burden. Petitioner presented no evidence that the services provided during an improvement period could have corrected the issues surrounding his incarceration and abandonment of the child, particularly given the nature of his conviction for a sex crime committed against a child and the length of his incarceration. Further, if the DHHR could have provided services in this state tailored to address these concerns, it is unclear how petitioner could have fully participated in those services when he remained incarcerated in another state. As such, we find no abuse of discretion in the circuit court's denial of a post-adjudicatory improvement period in this matter.

For the foregoing reasons, we find no error in the circuit court's January 4, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 21, 2016

---

[3]Petitioner expressly assigns error to the circuit court's denial of a post-adjudicatory improvement period as opposed to a dispositional improvement period.

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II